IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-MJ-08109-GCS |
| | ) |
| NATHANIEL A. HOLMES, JR., | ) |
| | ) |
| Defendant. | ) |

**ORDER FOR EXAMINATION**

**BEATTY, Magistrate Judge**:

This case is before the Court pursuant to an oral motion made by the Government on July 27, 2023, requesting a psychiatric examination of the Defendant, Nathaniel A. Holmes, Jr., pursuant to 18 U.S.C. § 4241 (*See* Doc. 18). The Court heard evidence in support of the Government's motion on July 26, 2023 and subsequently took the motion under advisement (Doc. 18). For the ensuing reasons, the Government's motion requesting a psychiatric examination pursuant to 18 U.S.C. § 4241(a) is **GRANTED**.

Mr. Holmes is charged by way of complaint with one count of bank robbery, in violation of 18 U.S.C. § 2113.  Mr. Holmes appeared on July 19, 2023 for an Initial Appearance on the complaint (Doc. 9). The Government seeks detention of Mr. Holmes pending trial (Doc. 8). At the Initial Appearance, Mr. Holmes, through his counsel requested a five-day continuance of the detention hearing (*See* Doc. 9).  The detention hearing was then scheduled for July 26, 2023. However, at the hearing and before taking

1

up the issue of detention, the Government made an oral motion requesting that Mr. Holmes be sent for a psychiatric examination to determine whether he is suffering from a mental disease or defect rendering him mentally incompetent to proceed to trial in accordance with 18 U.S.C. § 4241(a).

In preparation for the detention hearing pursuant to 18 U.S.C. § 3142(f), United States Probation Officer Nichole Funk interviewed Mr. Holmes and prepared a Pretrial Services Report. This Pretrial Services Report[1] - and specifically certain statements made by Mr. Holmes and recounted in the Report - is what prompted the Government's oral motion. Indeed, the Government called Ms. Funk as a witness at the hearing to testify about her interview and interactions with Mr. Holmes. Ms. Funk testified that Mr. Holmes indicated he had been diagnosed with bipolar disorder, post-traumatic stress disorder, and anxiety, and had been hospitalized in 2018, 2020, and 2023. Ms. Funk also testified that Mr. Holmes reported that while he was in Arizona a "12-foot creature" abducted him and injected him with unknown substances. Additionally, Ms. Funk testified that Mr. Holmes reported that he was presently hearing voices and seeing things such as ghosts at the St. Clair County Jail. Finally, Ms. Funk noted that Mr. Holmes' parents corroborated his mental health diagnoses and previous hospitalizations.[2]

---

[1] The Pretrial Services Report was admitted into evidence and received as Exhibit 1 at the hearing.

[2] The Court considers Mr. Holmes statements to Ms. Funk solely for the purpose of determining whether there is reasonable cause to believe Mr. Holmes is suffering from a mental disease or defect rendering him mentally incompetent and thus unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Information from pretrial interviews – such as the statements made by Mr. Holmes – are "not admissible on the issue of guilt in a criminal proceeding" unless

After carefully considering the Government's argument in support of its oral motion as well as the evidence offered in support of the motion, the Court concludes there is reasonable cause to believe Mr. Holmes may presently may be suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Accordingly, the Court **GRANTS** the Government's motion for competency evaluation. Pursuant to 18 U.S.C. §§ 4241(a), 4241(b) and 4247, the Court **ORDERS** that a psychiatric and/or psychological examination of Mr. Holmes be conducted at an institution designated by the Attorney General or his representative, and a psychiatric/psychological report be prepared.

The examination shall be completed within 30 days, unless an extension of this time is granted by the Court pursuant to 18 U.S.C. § 4247(b) ("The director of the facility may apply for a reasonable extension, but not to exceed fifteen days…, upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant").

The psychiatric or psychological report shall be filed with this Court, pursuant to 18 U.S.C. § 4247(c), with copies provided to counsel.

The United States Marshals Service shall transport Mr. Holmes to the institution designated by the Attorney General, and upon completion of the examination, return him

---

the charge stems from conduct relating to Pretrial Services. *See* 18 U.S.C. § 3153(c)(3); *United States v. Chaparro*, 956 F.3d 462, 472 (7th Cir. 2020).

3

to this Court for a hearing in accordance with the provisions of 18 U.S.C. §§ 4241 and 4247.

Because the Court has concluded that there is reasonable cause to believe Mr. Holmes may be unable to understand the nature and consequences of the proceedings against him or assist properly in his defense, the Court finds that good cause exists to **CONTINUE** the detention hearing, which will be set at a later date and time.

Any resulting delay shall be excluded under the Speedy Trial Act, *see* 18 U.S.C. §§ 3161(h)(1)(A) and (h)(1)(F).

**IT IS SO ORDERED.**

**DATED**: July 28, 2023

*s/ Mark A. Beatty*
**Mark A. Beatty**
**United States Magistrate Judge**
